UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KRYSTAL VALDOVINOS, DIONISIA NIEVES, and ERIC MICHAEL PUCHTA,<br><br>Defendants. | No. 2:24-cv-01232-DJC-CKD<br><br>ORDER GRANTING UNOPPOSED MOTION TO DEPOSIT FUNDS AND BE DISMISSED (ECF NO. 10) |

Plaintiff The Lincoln National Life Insurance Company ("Lincoln") brings an Unopposed Motion to Deposit Funds and Be Dismissed to interplead or deposit the funds from a life insurance policy benefit issued by Lincoln ("the Policy Benefit") that belonged to Decedent Noel Anthony Nieves.  More than fourteen days have passed since Lincoln filed its Motion without opposition.  As a result, the Court construes the failure to file a timely response as a non-opposition to the Motion.  *See* L.R. 230(c) (Aug. 7, 2023).  Further, Lincoln establishes this Court's subject-matter and personal jurisdiction, that venue is proper, and that it is a disinterested stakeholder with a real and reasonable fear of exposure to the vexation of conflicting claims from Defendants to the Policy Benefit.  In light of Defendants' failure to oppose, the Court has

determined that oral argument is not necessary and the matter is submitted pursuant to Local Rule 230(g).  The Court GRANTS Plaintiff's Unopposed Motion to Deposit Funds and Be Dismissed.  (*See* ECF No. 10.)  Lincoln is DISMISSED WITH PREJUDICE from the instant lawsuit and Defendants are permanently enjoined from suing Lincoln with respect to the Policy Benefit once the Court has accepted and Lincoln has deposited the funds from the Policy Benefit by check addressed to the Clerk of the Court, as ORDERED below.

## BACKGROUND

Lincoln filed its Complaint for Interpleader based on rule interpleader under Federal Rule of Civil Procedure 22.  (*See* Compl. for Interpleader (ECF No. 1) at 1 ("Complaint" or "Compl.").)  Lincoln sought to interplead funds from the Policy Benefit that belonged to Decedent Noel Anthony Nieves.  (*See id.* ¶ 5.)  Lincoln is an insurance company incorporated in Indiana and with its principal place of business in Pennsylvania.  (*See id.* ¶ 1.)  Defendants are all California residents.  (*See id.* ¶¶ 2–4.)  Defendant Krystal Valdovinos is Decedent's ex-wife, Defendant Dionisia Nieves is Decedent's mother, and Defendant Eric Michael Puchta is Decedent's friend.  (*See id.* ¶ 6.)

Lincoln filed the Complaint before bringing the instant Unopposed Motion to Deposit Funds and Be Dismissed.  (*See* Compl.; Mot. (ECF No. 10).)  Defendant Valdovino filed her Answer on the date when any opposition was due to Lincoln's Motion per the Local Rules of the Eastern District.  *See* (Valdovino Ans. (ECF No. 16)); L.R. 230(c) (Aug. 7, 2023).  No Defendants objected to Lincoln's Motion.

Subsequently, Lincoln notified the Court of its voluntary dismissal of Defendant Dionisia Nieves from the matter under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (*See* ECF No. 19 at 1.)  Defendant Nieves withdrew her claim to the Policy Benefit and released Lincoln from any liability related to the Policy Benefit.  (*See* ECF No. 19-1.)  The Court accordingly dismissed Defendant Nieves from the lawsuit.  (*See* ECF No. 20.)

**DISCUSSION**

**I.   Legal Standard**

A party may move to interplead, that is, deposit funds with the Court for safekeeping, under 28 U.S.C. § 1335, known as statutory interpleader, or under Federal Rule of Civil Procedure 22, known as rule interpleader.  *See Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012).  "The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'"  *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (quoting *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999)).

"An interpleader action typically involves two stages.  In the first stage, the district court decides whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund."  *Mack*, 619 F.3d at 1023 (quoting *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)).  If the district court finds that the interpleader action has been properly brought, then the district court will determine the respective rights of the claimants to the fund.  *See Lee*, 688 F.3d at 1009 (quoting *Mack*, 619 F.3d at 1023–24).

**II.   Analysis**

Here, Lincoln's Motion only "concern[s] the first sage of an interpleader action[.]" (Mot. ¶ 14.)  The Court concludes that Lincoln has properly brought an interpleader action.  The Court also concludes that Lincoln has established that it is a disinterested stakeholder who may be discharged from liability and dismissed from the lawsuit.  *See Field v. United States*, 424 F. Supp. 3d 904, 907–08 (E.D. Cal. 2019).

**A.   Subject-Matter Jurisdiction**

Federal Rule of Civil Procedure 22 "provides a process by which a party may 'join all other claimants as adverse parties when their claims are such that the stakeholder may be exposed to multiple liability.'"  *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000) (quoting *Gelfgren v. Republic Nat. Life Ins. Co.*, 680

3

F.2d 79, 81 (9th Cir. 1982)), *as amended on denial of reh'g and reh'g en banc* (Nov. 3, 2000). Rule 22 interpleader is only a procedural device, however – the rule does not convey jurisdiction on the courts. *Id*. Accordingly, a party seeking to bring an interpleader action in federal court must establish statutory jurisdiction. *Id.* (citing *Gelfgren*, 680 F.2d at 81).

Lincoln asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity jurisdiction. (*See* Compl. ¶ 7.) The amount in controversy exceeds the $75,000 minimum threshold, as the Policy Benefit is worth $400,000. (*See* Compl. ¶¶ 10–11.) Here, Lincoln is a citizen of Indiana and Pennsylvania, while all Defendants are residents of California. (*See id*. ¶¶ 1–4.) Thus, there is complete diversity of citizenship between Lincoln, the stakeholder, and Defendants, the adverse claimants. Therefore, Lincoln has established this Court's subject-matter jurisdiction.

### B.   Personal Jurisdiction and Venue

This Court has general jurisdiction over all Defendants because each is a resident of California. *See* (Compl. ¶¶ 2–4); *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). This Court is the proper venue for the matter because Defendants each reside in San Joaquin County, which is within the jurisdiction of the Eastern District of California. *See* 28 U.S.C. §§ 84(b); 1391(b)(1).

### C.   Interpleader Motion

Here, more than fourteen days have passed since Lincoln filed its Motion. Under Local Rule 230(c), the Court may construe the failure to file an opposition as a statement of non-opposition to the motion. L.R. 230(c) (Aug. 7, 2023). Accordingly, the Court GRANTS Lincoln's Unopposed Motion to Deposit Funds and Be Dismissed.

The Court is satisfied Lincon's Motion is proper. *See, e.g.*, *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 889–91, 892–99 (9th Cir. 2012) (granting interpleader motion brought by Lincoln in another case). Lincoln has a good faith reason for bringing the Motion, as Defendant Puchta and Defendant Valdovinos both have at least colorable claims to the Policy Benefit. (*See* Compl. ¶¶ 12–16, 19, 22; Compl. Ex. I

(ECF No. 1-9).)  The mere potential for a claim brought by Ms. Valdovinos and substantiated with some messages is enough to establish "the minimal threshold level of substantiality" and a "real and reasonable fear of exposure to double liability or the vexation of conflicting claims . . . ."  *Michelman*, 685 F.3d at 894–95.

Further, Lincoln is a disinterested stakeholder.  Lincoln, as the issuer of the Policy Benefit, has control over the particular fund.  *See Field*, 424 F. Supp. 3d at 907 (citing *Mock v. Collins*, No. EDCV 04-395-VAP SGLX, 2004 WL 361922, at *2 (C.D. Cal. Sept. 1, 2004)).  Lincoln also has no interest in who recovers and no interest in the Policy Benefit itself, thus making Lincoln a disinterested stakeholder, as evidenced by Lincoln's desire to deposit the funds with the Court.  *See Trustees of Directors Guild of Am.-Producer Pension Benefits Plan v. Tise*, 234 F.3d 415, 426 (9th Cir.) ("Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability, not in litigating the merits of the adverse claimants' positions." (citation omitted)), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000).  Cf. *Soc'y Ins. Co. v. Nystrom*, 718 F. App'x 482, 484 (9th Cir. 2017) (holding that the district court properly dismissed the stakeholder after the funds were deposited) (citing 28 U.S.C. § 2361).

As a result, even though rule interpleader does not authorize a nationwide injunction enjoining the adverse claimants from suing the stakeholder regarding the fund, *see* 28 U.S.C. § 2361; Fed. R. Civ. P. 65(e); 7 Wright and Miller, *Federal Practice and Procedure* § 1717 and n.10 (3d ed. June 2024 Update) (collecting cases), "courts have used the All Writs Statute, 28 U.S.C. § 1651, to enjoin defendants in an interpleader action from bringing future proceedings regarding the same claim in federal court[,]" *Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *7 (N.D. Cal. Feb. 12, 2013) (citing *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998)).  To be entitled to an injunction under the All Writs Act, "the party seeking the injunction must prove that it would otherwise

suffer irreparable harm." *Coates*, 2013 WL 556800, at *7 (citations omitted). Courts regularly issue injunctions brought by disinterested stakeholder-plaintiffs after they interplead the funds because there "is a likelihood of costly and judicially wasteful relitigation of claims and issues that were already adjudicated in federal court." *Trustees of IL WU-PMA Pension Plan v. Peters*, 660 F. Supp. 2d 1118, 1145 (N.D. Cal. 2009) (collecting cases). Because all of the adverse claimants to the Policy Benefit have already been joined, the Court concludes that further litigation regarding the Policy Benefit would be wasteful, thus entitling Lincoln to a permanent injunction to avoid the irreparable harm of relitigating the distribution of the Policy Benefit. *See id.*

Moreover, even though the Anti-Injunction Act, codified at 28 U.S.C. § 2283, "limits the ability of federal courts to enjoin state court proceedings, [it] contains an exception for injunctions that are 'necessary in aid of [the court's] jurisdiction, or to protect or effectuate its judgment.'" *Peters*, 660 F. Supp. 2d at 1144. Federal courts have held that this so-called "relitigation exception" to the Anti-Injunction Act permits a court presiding over an interpleader action to stay pending state court proceedings involving the same interpled funds. *See, e.g.*, *Coates*, 2013 WL 556800, at *7 (citing *Peters*, 660 F. Supp. 2d at 1144); *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 707 (7th Cir. 1991). Therefore, the Court's permanent injunction for a rule interpleader action will have the same substantive scope and effect as an injunction for a statutory interpleader.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Lincoln's Unopposed Motion for Interpleader Funds Deposit. (*See* ECF No. 10.) Accordingly:

1. Lincoln shall be permitted to deposit into the registry of the Court the sum of $400,000.00, plus any applicable interest, by check made payable to the Clerk of this Court, representing the death benefits under a term life insurance policy on the life of Noel Anthony Nieves, and the


Clerk of this Court shall accept such check and shall deposit such funds into the registry of the Court;

2. Upon receipt of these funds, Lincoln, as a disinterested stakeholder, shall be dismissed from this action with prejudice and discharged from any further liability under the life insurance policy at issue in this action; and

3. Defendants Krystal Valdovinos, Dionisia Nieves, and Eric Michael Puchta shall be permanently enjoined from pursuing any further action or proceedings against Lincoln with respect to the life insurance policy and the policy benefits at issue in this action.

IT IS SO ORDERED.

Dated:  **July 16, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Lincoln.24cv1232.Interpleader.Motion.Step.One