UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KRYSTAL VALDOVINO, et al.,<br><br>Defendants. | No. 2:24-cv-01232-DJC-CKD<br><br>**ORDER** |

      Plaintiff Lincoln National Life Insurance Company brought this interpleader action to settle Defendants' claims to the life insurance policy of Decedent Noel Anthony Nieves. Plaintiff's Complaint stated that while Defendant Eric Michael Puchta was listed as the beneficiary to Decedent's life insurance policy, Defendant Krystal Valdovino, who was previously a beneficiary on the policy, had sent a letter to Plaintiff claiming the Decedent had stated the policy was intended for Defendant Valdovino to care for her child, K.C.D.[1] Defendant Valdovino filed an answer conceding that Decedent had named Defendant Puchta as the beneficiary of the policy but also brought cross-claims against Defendant Puchta, claiming that Defendant Puchta had

////

---

[1] K.C.D. is occasionally referred to by her full name in the Parties' briefing. Given K.C.D.'s apparent status as a minor and out of an abundance of caution, the Court only refers to her by the initials also sometimes used by the Parties.

1

promised Decedent that Defendant Puchta would take care of K.C.D. and that he had not met this promise.

Defendant Puchta has now filed a Motion to Dismiss Defendant Valdovino's cross-claims (Mot. to Dismiss (ECF No. 25-1)) under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and a Motion for Judgment on the Pleadings (Mot. for Judgment (ECF No. 24-1)) as to the original interpleader action.  For the reasons stated below, the Court denies the Motion to Dismiss under Rule 12(b)(1), grants Motion to Dismiss under Rule 12(b)(6), and denies the Motion for Judgment on the Pleadings without prejudice.

## BACKGROUND

Decedent held a life insurance policy issued by Plaintiff that provided a death benefit of $400,000.00.  (Compl. (ECF No. 1) ¶ 12.)  Defendant Valdovino, Decedent's former spouse, was previously listed as the sole primary beneficiary of the policy with K.C.D., Defendant Valdovino's daughter from a prior relationship, as the sole contingent beneficiary.  (*Id*. ¶ 12; Answer & Cross-Compl. (ECF No. 16) ¶ 31.)  Decedent and Defendant Valdovino separated in 2021 and divorced the following year.  (Answer & Cross-Compl. ¶ 34.)  On December 2, 2021, Decedent submitted a beneficiary change form to Plaintiff naming Defendant Puchta as the sole beneficiary of Decedent's policy.  (Compl. ¶ 13; Answer & Cross-Compl. ¶ 13.)  Decedent passed away in a motorcycle accident on October 5, 2023.  (Compl. ¶ 16; Answer & Cross-Compl. ¶ 43.)  The policy was still active at that time.  (Compl. ¶ 16.)

As part of Defendant Valdovino's cross-claim, she raises additional factual allegations.  At some point prior to May 18, 2022, Decedent was allegedly involved in a separate, earlier motorcycle accident.  (Answer & Cross-Compl. ¶ 41.)  Following this

////

////

////

////

2

accident, Decedent purportedly had a text exchange with Defendant Puchta which included the following excerpt:

> Decedent: Just promise me one thing…if I do go because I know how i live.. you take that money and live good life… travel the world.. touch things we only dreamed of… okay…
> Decedent: And don't forget about [K.C.D.]
> Decedent: I'm going to go work some more on my disaster… [emoji]
> Defendant Puchta: You got it buddy

(Answer & Cross-Compl. ¶ 41.)

Defendant Puchta has now filed both a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and a Motion for Judgment on the Pleadings. Both motions are now fully briefed. (Mot. to Dismiss; Opp'n to Mot. to Dismiss (ECF No. 28); Reply re:Mot. to Dismiss (ECF No. 29); Mot. for Judgment; Opp'n to Mot. for Judgment (ECF No. 27); Reply re:Mot. for Judgment (ECF No. 30).)  The Court took this matter under submission pursuant to Local Rule 230(g).  (ECF No. 33.)

**MOTION TO DISMISS**

**I.     Subject Matter Jurisdiction**

   **A. Legal Standard**

A party may move to dismiss a complaint for "lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1).  "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  In a "facial attack" under Rule 12(b)(1), "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines

3

whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment, and the court need not presume the truthfulness of the plaintiff's allegations. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

### B. Analysis

This action originally began as a non-statutory interpleader action filed by The Lincoln National Life Insurance Company to resolve competing claims by Defendants over the funds of decedent's life insurance policy. (*See* Compl. (ECF No. 1).) Lincoln brought this action in this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 as Lincoln is an Indiana company with its primary place of business in Pennsylvania while the Defendants are both citizens and residents of California. (*Id*. at 1–2.) Lincoln was subsequently dismissed without opposition by Defendants after the contested life insurance policy funds were deposited in the Court's registry. (*See* ECF No. 23.) While all remaining parties are now California residents, the Court maintains subject matter jurisdiction over the interpleader action. *See Standards Ins. v. Nelson*, No. 07-cv-00140-RSM, 2007 WL 1453099, at *1 (W.D. Wash. May 17, 2007) (citing 7 Wright, Miller & Kane § 1710).

In filing her Cross-Complaint against Defendant Puchta, Defendant Valdovino asserted the Court properly has supplemental jurisdiction over her cross-claims pursuant to 28 U.S.C. § 1367. (Answer & Cross-Compl. at 3.) Under Section 1367(a), where a federal court has jurisdiction over any claim, it may exercise supplemental jurisdiction over all other claims related to the claims over which it has original jurisdiction. 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Supplemental jurisdiction applies to cross-claims between non-diverse

4

1  parties where the Court has original jurisdiction based on complete diversity in the
2  original action.  *See Meritor Sav. Bank v. Camelback Canyon Investors*, 783 F. Supp.
3  455, 457 (D. Ariz. 1991).
4      In determining whether the cross-claims are part of the same case or
5  controversy, the Court must consider whether they "derive from a common nucleus of
6  operative fact and are such that a plaintiff would ordinarily be expected to try them in
7  one judicial proceeding . . . ."  *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021)
8  (internal citations and quotation marks omitted).  Defendant Valdovino's cross-claims
9  are appropriately within the scope of the Court's supplemental jurisdiction.  The
10 original interpleader action and the cross-claims both concern the same life insurance
11 policy.  Thus, both the original action and cross-claims have a common nucleus of
12 operative facts surrounding these events.  The cross-claims are also properly joined
13 under Federal Rule of Civil Procedure 13(g) as the cross-claims concern property that
14 is the subject matter of the original action.[2]  Supplemental jurisdiction would thus
15 proper under 28 U.S.C. § 1367(a).
16     The Court will not exercise its discretion to deny supplemental jurisdiction.
17 Under Section 1367(c), a district court "may decline to exercise supplemental
18 jurisdiction over a claim under subsection (a)" for several reasons.  However, none
19 appear to apply here.  Defendant Valdovino's cross-claims do not raise novel or
20 complex issues of state law.  *See* 28 U.S.C. § 1367(a)(1).  They are closely intertwined
21 with the original interpleader action and do not appear to predominate over those
22 claims for which the Court has original jurisdiction.  *See id*. § 28 U.S.C. § 1367(a)(2).
23 As discussed below, while the Court will dismiss Defendant Valdovino's cross-claims, it
24 does so with leave to amend.  *See id*. § 28 U.S.C. § 1367(a)(3).  Finally, there are not

---

[2] Within their briefing, both parties cite portions of Rule 13 concerning <u>counter</u>-claims as opposed to <u>cross</u>-claims.  (*See* Mot. to Dismiss at 4; *see also* Opp'n to Mot. to Dismiss at 3–4.)  While this distinction has no meaningful effect on the Court's ruling as supplemental jurisdiction is not determined by whether claim joinder is proper under Rule 13, the Court notes that Defendant Valdovino's claims against Defendant Puchta are cross-claims as both Valdovino and Puchta are properly considered to be defendants in the original action.

exceptional circumstances or a compelling reason for the Court to otherwise decline supplemental jurisdiction. *See id.* § 28 U.S.C. § 1367(a)(4). Accordingly, the Court will not exercise its discretion to do so here.

## II. Failure to State a Claim

### A. Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief[,]" the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *See id.* This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

### B. Analysis

Defendant Valdovino's Cross-Complaint fails to state cross-claims against Defendant Puchta. Defendant Valdovino seeks to bring two claims against Defendant Puchta; one for fraudulent inducement and a second for unjust enrichment. However,

6

both of these claims are predicated on the single text message chain presented above. (*See* Answer & Cross-Compl. ¶¶ 41–42, 46–47, 49, 57; *see also supra* Background.) These messages were sent over five months after Decedent changed his life insurance policy to name Defendant Puchta as the beneficiary. Defendant Valdovino has not plausibly alleged that the decision to name Defendant Puchta was predicated on a promise by Defendant Puchta to care for K.C.D. In fact, the May 18, 2022, messages even indicate that Decedent and Defendant Puchta had not previously discussed the care of K.C.D. in the event of Decedent's death despite Puchta being named the beneficiary over five months earlier. Thus, these messages suggest that Decedent named Defendant Puchta as a beneficiary <u>without</u> Defendant Puchta making any representation that he would care for K.C.D.

Defendant Valdovino attempts circumvent this issue by arguing that Defendant Puchta's "You got it buddy" text message in response to Decedent's request that he not "forget about [K.C.D.]" caused Decedent to not <u>remove</u> Defendant Puchta as the beneficiary of the plan in lieu of someone else who would have provided for K.C.D. Courts give effect to beneficiary designations "so far as possible." *Beck v. W. Coast Life Ins. Co.*, 38 Cal. 2d 643, 646–647 (1952). Moreover, where a claimant challenges a beneficiary designation on the ground of undue influence, fraud, or incapacity, courts are generally concerned about whether evidence of these things exists at the time the decedent made the beneficiary designation.[3] *See Hartford Life & Accident Ins. v. Kwoalski*, 654 F. Supp. 3d 884, 891 (N.D. Cal. 2023) ("Kowalski further alleges that Marc Kowalski was generally susceptible to undue influence as a result of his alcohol use disorder, but this averment fails to show that he was susceptible <u>when</u> he made the beneficiary designation." (emphasis in original)); *see also Metro. Life Ins. Co.*

---

[3] Defendant Valdovino does not expressly challenge Plaintiff's designation as beneficiary and, in fact, concedes that he was the named beneficiary of the plan. (*See* Answer & Cross-Compl. ¶ 40.) However, Defendant Valdovino's cross-claims effectively argue that Defendant Puchta fraudulently induced and unjustly enriched himself by making a promise to maintain his beneficiary status. Thus, cases discussing challenges to beneficiary status on the basis of fraud are applicable.

*v. Galicia*, No. 5:19-cv-01412-JWH-KKx, 2021 WL 5083439, at *4 (C.D. Cal. Nov. 1, 2021) ("That evidence did not show that Mr. Duran was incapacitated or of unsound mind when he designated Ms. Lecea as beneficiary.")  The Court is unaware of any case – nor does Defendant Valdovino cite any – where an individual's vague promise to not "forget about" a third party, made months after the individual was already named a beneficiary of a life insurance policy, formed the basis for fraudulent inducement and unjust enrichment claims based on an unsupported theory that the individual would have been removed as the beneficiary if they had not made that promise.  Defendant Valdovino's Cross-Complaint thus fails to state a claim against Defendant Puchta.

The Court notes that Defendant Valdovino's cross-claims also involve a separate $720,000 payment Defendant Puchta purportedly received as beneficiary of "life and accidental death insurance policies issued through [decedent's] employer, Tesla, Inc." (Answer & Cross-Compl. ¶ 39.)  But the Court notes that all of Defendant Valdovino's allegations concerning the Tesla policies are made on information and belief.  (*Id.* ¶¶ 39–40, 44, 56.)  Thus, not only do allegations related to the Tesla policies fail for the same reasons stated above but also because claims of fraud cannot be predicated on allegations made solely on information and belief without some indication as to the factual basis for that belief.  *See Illinois Nat. Ins. v. Nordic PCL Const., Inc.*, 870 F. Supp. 2d 1015, 1037 (D. Haw. 2012) (citing *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).)

Accordingly, Defendant Puchta's Motion to Dismiss for failure to state a claim is granted Defendant Valdovino's Cross-Claims are dismissed.  As amendment at this stage does not yet appear futile, Plaintiff will be granted leave to file an amended Cross-Complaint.  *See Cabo Distrib. Co. v. Brady*, 821 F. Supp. 601, 608 (N.D. Cal. 1992); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

////

////

**MOTION FOR JUDGMENT ON THE PLEADINGS**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, the allegations of the non-moving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). "[J]udgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (internal quotation omitted).

While the Court has dismissed Defendant Valdovino's Cross-Complaint, it has done so with leave to amend. Defendant Valdovino's cross action against Defendant Puchta remains active and an answer to the Cross-Complaint has not yet been filed. Thus, pleadings have not yet closed. *See Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005) (noting that "pleadings" is defined by Fed. R. Civ. P. 7(a) which includes "an answer to a cross-claim, if the answer contains a cross-claim[.]"). As pleadings are not closed for purposes of Federal Rule of Civil Procedure 12(c), judgement on the pleadings is not yet proper. Accordingly, the Court will deny Defendant Puchta's Motion for Judgment on the Pleadings without prejudice for renewal after pleadings have closed.

////

////

////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Defendant Michael Puchta's Motion to Dismiss (ECF No. 25) is DENIED as to Defendant Puchta's motion under Federal Rule of Civil Procedure 12(b)(1) and GRANTED as to Defendant Puchta's motion under Federal Rule of Civil Procedure 12(b)(6);

2. Defendant Valdovino's Cross-Complaint against Defendant Puchta (ECF No. 16) is dismissed with leave to amend. Within fourteen days of this order, Defendant Valdovino will shall file an Amended Cross-Complaint;

3. Defendant Puchta's Motion for Judgment on the Pleadings (ECF No. 24) is DENIED without prejudice to renewal once pleadings are closed.

IT IS SO ORDERED.

Dated:  **February 18, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – lincoln24cv01232.mtd&mjp